UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIELA ELIZABETH ROBLETO,<br><br>       Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Case No. 15-cv-01019-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 19, 20 |

Plaintiff Mariela Elizabeth Robleto challenges the decision of a Social Security Administration Administrative Law Judge that denied her disability benefits under Title II and Title XVI. Dkt. No. 19. The Commissioner of Social Security ("Commissioner") filed a cross-motion for summary judgment to uphold the ALJ's determination. Dkt. No. 20. The Court held oral argument on July 20, 2016, and grants Robleto's motion for summary judgment and denies the Commissioner's cross motion. The case is remanded to the Social Security Administration for further proceedings consistent with this order.

In a decision dated September 20, 2013, the ALJ found that Robleto established multiple "severe physical and mental impairments," including an "anxiety disorder; bipolar affective disorder (BAD); borderline intellectual functioning; hypothyroidism; and back strain" that limit "her capacity to perform basic work activities." AR at 16. The ALJ determined that Robleto "is unable to perform any past relevant work," AR at 24, but denied benefits based on her determination that Robleto had the residual functional capacity ("RFC") to perform a subset of unskilled light work, such as mail clerk or garment sorter. AR at 25.

In our Circuit, an ALJ's decision to deny benefits "will only be disturbed if it is not supported by substantial evidence or it is based on legal error" and the "decision of the ALJ will

not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotations omitted).  The ALJ's decision in this case suffers from two legal errors that are not harmless.

As an initial matter, the ALJ did not explain with sufficient detail or evidence why she decided to give "no weight" to the medical opinions stated in a mental impairment questionnaire prepared in August 2013 by Robleto's treating physician, Dr. Gilda Major, M.D., a psychiatrist, and her therapist, Diana Gomez, MSW.  AR at 22.  An ALJ is not bound by the opinion of any physician, including a treating physician, but at the same time, an ALJ may not reject the uncontradicted opinion of a treating physician like Dr. Major without providing clear and convincing reasons explaining why.  *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010).  The ALJ failed to meet this standard when rejecting Dr. Major's professional opinions.

The ALJ chose to ignore Dr. Major's opinions only because she found them to be "internally inconsistent" with Robleto's assessed Global Assessment of Functioning (GAF) score of 55.  AR at 22.  The ALJ treated the score as indicating just "moderate" symptoms and difficulties, and so rejected the treating psychiatrist's determination that Robleto's ability to work would be seriously compromised by "markedly limited" social functioning, "frequent deficiencies in concentration, persistence, and pace that would result in failure to complete tasks in a timely manner," "repeated episodes of decompensation in work environment," and likely absenteeism "more than three times per month."  *Id.*; *see also* AR at 516.  This conclusory treatment of the GAF score is not a "clear and convincing reason" for throwing out all of Dr. Major's medical judgments.  The Ninth Circuit has clearly indicated that a GAF score should not be dispositive of a claimant's functional abilities, especially when assessed for a claimant with mental disorders at a time when they are not working.  *See Graham v. Astrue*, 385 F. App'x 704, 706 (9th Cir. 2010) (quoting Social Security Ruling 85-15 (1985), in stating that "'Individuals with mental disorders' may adopt 'a highly restricted ... lifestyle within which they appear to function well,' but 'may cease to function effectively when facing such demands as getting to work regularly, having their performance supervised, and remaining in the workplace for a full day.'")  Dr. Major's opinions

reflect this concept, noting that Robleto's baseline assessment was being made "without stress of work." AR at 514. Dr. Major cautioned that, although "Patient may present well on mental status exam," Robleto's current functioning depended heavily on external and family support, and her ability to work would likely be undermined by her mental health impairments and "[l]ow tolerance for stress." AR at 514-16.

Consequently, the Court finds that the ALJ was wrong to dismiss Dr. Major's opinions in their entirety without clear and convincing reasons. This finding applies even if some factual contradictions might lower the reviewing standard to "specific and legitimate reasons that are supported by substantial evidence." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (internal quotation omitted). This lighter standard might be satisfied if the ALJ "set[s] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (internal quotation omitted). But the ALJ did not do even that.

The Court also finds error in the ALJ's reliance on the opinion of independent psychiatric expert Ashok Khushalani, M.D., who did not treat or examine Robleto. The ALJ inexplicably gave "great weight" to Dr. Khushalani's opinion even though he had failed to read significant and highly material portions of the claimant's medical records prior to the hearing, was initially excused from the hearing by the ALJ for that lack of preparation, and then called back in to testify after spending what appears to have been no more than several minutes purportedly reviewing and digesting approximately 80 pages of medical records. AR at 22, 35-39. The ALJ relied heavily on Dr. Khushalani's opinion that Robleto's condition had been stabilized by medication to a degree that she could successfully perform work consisting of "simple repetitive tasks with occasional public interaction." *See* AR at 22, 40-43. That reliance is not justified by the hasty and superficial record assessment performed by Dr. Khushalani, and the ALJ erred in crediting his opinions over those of the treating professionals. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014).

These errors are not harmless. The ALJ's determination that appropriate jobs for Robleto existed in the national economy depended on the improper rejection of Dr. Major's assessments of

3

1 Robleto's "frequent deficiencies in concentration, persistence, and pace." *See* AR at 22. The ALJ
2 acknowledged that if Robleto had even a "20% deficit in maintaining concentration, persistence
3 and pace," she "would not be able to perform any jobs" at all. *Id*. at 25. Her finding that Robleto
4 would not manifest this deficiency was based entirely on her embrace of Dr. Khushalani's
5 slapdash conclusions. *See id*. at 22, 25.

6 The Court remands the case to the Social Security Administration for further proceedings
7 to determine Robleto's eligibility for benefits in a manner consistent with this order. Because the
8 Court has found two separate and independent bases for remand, the Court declines to reach
9 plaintiff's other arguments of error in the ALJ's decision.

10 **IT IS SO ORDERED.**

11 Dated: July 20, 2016

_____
JAMES DONATO
United States District Judge